925 F.2d 1468
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard F. BECKER, Plaintiff-Appellant,
v.
EVANSVILLE HOUSING AUTHORITY, Board of Commissioners, Mayor
Michael D. Vandeveer, and Vern Estey, Director,
Defendants-Appellees.
 No. 90-1785.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 30, 1991.*
Decided Feb. 15, 1991.
 
 Before BAUER, Chief Circuit Judge, and WOOD, JR., and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Richard F. Becker appeals from the judgment of the district court in which it concluded that Becker had failed to show that the Evansville Housing Authority refused to rehire him because of his gender. We affirm.
 
 
 2
 Richard F. Becker was an employee of the Evansville Housing Authority (EHA) from March 3, 1980, to July 26, 1985, when he resigned his position in the maintenance department for a supervisory position with another company. About one month later, Becker became dissatisfied with his new job and contacted J.D. Cole, the Director of Technical Services for the EHA, and inquired about being rehired. Soon after Becker left, Cole became aware of complaints about Becker's interpersonal skills. Cole himself had reprimanded Becker about a racial slur he had made to an EHA foreman. Cole also knew that while he was employed by the EHA, Becker had received two verbal reprimands about his work. Based on the fact that Becker's technical skills were only average and that his interpersonal skills were lacking, Cole recommended, and Vern Estey, the Director of the EHA, agreed, that Becker should not be rehired. Cole simply told Becker that he had had bad experiences in the past in rehiring employees who had quit and discouraged him from formally applying.
 
 
 3
 Sometime later, Becker learned that Sharon Happe, an EHA employee in the maintenance department, had resigned and was later rehired. He also learned that Bonnie Lewis had resigned and was later rehired. Becker then brought an action against the EHA, Vern Estey, the Board of Commissioners, and the mayor of Evansville, Indiana, Michael D. Vandeveer. He alleged that the defendants discriminated against him on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e-2(a). The case proceeded to a bench trial. At the close of plaintiff's evidence, the district court dismissed Vandeveer and the Board of Commissioners. At the close of all the evidence, the district court found that Cole and Estey agreed not to rehire Becker because they believed that they could hire someone to replace him who had better interpersonal and technical skills. The district court found that Happe was rehired because she was an outstanding employee, not because she is female. The court made no finding regarding Lewis. The court also found that the EHA had never rehired a man because no man who had resigned had sought re-employment. The court ruled that plaintiff had not established a prima facie case of sex discrimination and entered judgment in favor of the defendants. Becker appeals.
 
 
 4
 Although the district court found that Becker had failed to establish a prima facie case, after a case has gone to trial on the merits, any dispute about the prima facie case falls away, see Doe v. First Nat'l Bank, 865 F.2d 864, 873 (7th Cir.1989), and this court need only decide whether there was sufficient evidence for the district court to conclude that Becker's gender was not the determinative factor in the defendants' decision not to rehire him. See Morgan v. South Bend Community School Corp., 797 F.2d 471, 480 (7th Cir.1986). We must accept the district court's findings of fact unless they are clearly erroneous. See First Nat'l Bank, 865 F.2d at 874 (quoting Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985)).
 
 
 5
 Becker raises three arguments on appeal. First, he contends that the district court erred in failing to make a finding of fact regarding Bonnie Lewis. While it is true that the court did not make a finding regarding Lewis, this does not make the district court's ultimate conclusion that Becker failed to prove sex discrimination clearly erroneous. The only evidence about Lewis was Becker's testimony that she had resigned and was later rehired. There is nothing in the record to explain why she was rehired. There is nothing in the record about her abilities. The fact that Lewis was rehired, and Becker was not, may indicate that Becker was treated unfairly. It may even indicate that Cole acted arbitrarily in light of his statement that he did not rehire people who had quit because of previous bad experiences; however, this is not enough to show that the decision was discriminatory. See Friedel v. City of Madison, 832 F.2d 965, 973 (7th Cir.1987).
 
 
 6
 Even if we were to construe the testimony about Lewis as circumstantial evidence of gender discrimination, neither it nor any of the other evidence Becker presented was sufficient to prove that the defendants' legitimate concerns about his skills were a pretext for discrimination. Becker presented evidence that another woman, Sharon Happe, was rehired after she resigned. The district court found that Happe was rehired because she was an outstanding employee, not because she was a woman. Happe's performance evaluations indicate that her job performance, abilities, and interpersonal skills were consistently rated above average to outstanding. In contrast, Becker's technical skills were consistently labeled average throughout the trial. (There were no formal performance evaluations for Becker.) During his employment with the EHA, Becker received a verbal reprimand for a racial slur. After Becker resigned, complaints surfaced that he was loud, obnoxious, a know-it-all, and argumentative. This evidence sufficiently differentiates Happe from Becker and substantiates the defendants' reason for not rehiring him. See First Nat'l Bank, 865 F.2d at 877.
 
 
 7
 Becker also called two co-workers at trial who testified that Becker was not difficult to get along with and that at worst he might disagree with the way someone was doing a job. This testimony may show that the defendants were wrong about his interpersonal skills, and consequently, that their decision was misinformed. This does not help Becker though because a misinformed decision is not a discriminatory one.
 
 
 8
 In addition, general employment statistics for the maintenance department showed that a disproportionate number of the department's employees were men,[1] and that all new hires into the department from July 1, 1983 through June 30, 1986, were men. Cole also testified that Becker was replaced by a man. Even though the court did not make a finding regarding Lewis, there was ample evidence in the record as a whole to support its finding of no discrimination.
 
 
 9
 Second, Becker contends that the evidence did not support the district court's finding that the EHA "has [never] rehired a man because no man who has resigned has sought re-employment with the [EHA]". Becker argues that he is a man, and he sought re-employment. The district court, however, recognized this in a separate finding, and it is clear that the court was referring to men other than Becker. Becker also argues that Cole only testified that he did not believe that any man had resigned and then sought re-employment. Becker emphasizes that Cole's answer was not definitive, but does not explain why it matters. Becker presented no evidence of other men who sought and were denied re-employment. The district court's account of Cole's testimony was plausible in light of the record viewed in its entirety. See Anderson v. City of Bessemer City, 470 U.S. 564, 573-74 (1985).
 
 
 10
 Third, Becker contends that the evidence does not support the court's finding that Cole and Estey refused to rehire him because they believed they could hire someone else with better interpersonal and technical skills. The evidence revealed that Cole became aware of complaints about Becker after he left. There was also evidence that Cole and Estey were aware of the racial slur incident and the two work reprimands. Becker does not dispute this. Becker does, however, point to Cole's and Estey's testimony that, in deciding not to rehire him, they relied on their first-hand knowledge of his skills and did not review his personnel file, which did not document any interpersonal problems. Becker seems to be urging this court to reweigh the evidence. This, we may not do. See id. The district court's view of the evidence is entirely plausible and supports its finding. There is no clear error.
 
 
 11
 Although it would have been better had the district court made a finding regarding Lewis, there was sufficient evidence in the record as a whole to support the district court's conclusion that Becker's gender was not a determinative factor in the defendants' decision not to rehire him. As for Becker's other two arguments, they are weak attempts to reweigh the evidence. Accordingly, the judgment of the district court is
 
 
 12
 AFFIRMED.
 
 
 
 *
 The parties filed a joint motion to waive oral argument, and this court granted the motion on January 18, 1991. Accordingly, the appeal has been submitted on the briefs and record
 
 
 [1]
 As of June 30, 1984, 88 percent of the employees in the maintenance department were men. As of June 30, 1985, 92 percent were men. As of June 30, 1986, 92 percent were men